PENROSE C. ST. AMANT, Judge Pro Tem.
Plaintiff appeals from a judgment of the trial court. denying his claim for alleged past due wages in the sum of $3,393.50. We affirm.
Although the record is not entirely clear on the circumstances, defendant, a theatrical-musical group, apparently initially employed plaintiff as a musician in March of 1973 at a fixed salary of $175.00 per week. The group at this time under the leadership of one James Viator was experiencing financial difficulties and plaintiff’s compensation was paid in an irregular manner from the outset.
Defendant’s financial condition failed to improve and in the summer of 1973 one Kenneth Brandt took over control of the finances and called a meeting of all musicians in the group. What transpired at this meeting is the subject of dispute and forms the crux of this litigation.
Defendant contends that plaintiff and the other musicians were given the alternative of accepting in lieu of a fixed weekly salary a new arrangement for compensation based upon a pro rata share of the net receipts accruing to the group after payment of essential expenses or of terminating their employment. Defendant further contends that by continuing in the group’s employment and by accepting payment in irregular amounts based upon the defendant’s ability to pay plaintiff acquiesced in this new arrangement and is bound by the terms thereof.
Plaintiff on the other hand contends that the agreement was simply to accept what funds were available with the understanding that any difference between the amount received and the sum of $175.00 per week was to accrue to him as back wages to be paid when the corporation obtained sufficient financial resources to do so.
*696 The issue before us is therefore simply one of fact — did the plaintiff agree to a modification of the terms of his contract of employment by agreeing to accept a pro rata share of the net in lieu of a fixed weekly salary of $175.00? The trial court in brief reasons for judgment resolved this factual issue against the plaintiff by concluding that an agreement was reached to the effect “that the full amount of the draw would depend upon the funds being available”.
Plaintiff offered only his own testimony. Defendant offered the testimony of Kenneth Brandt and Andrew Franichivich.
The testimony is conflicting, and the trial court obviously resolved these conflicts in favor of the defendant and against the plaintiff who had the burden of proof and who offered no evidence to support his position. We apply the test for appellate review laid down in Canter v. Koehring Company, 283 So.2d 716 (La.1973);
“[Where] there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable eval-ations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.”
Finding no manifest error in the trial court’s decision we affirm its judgment at appellant’s cost.

AFFIRMED.